Citation Nr: 1755105 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 12-28 964 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to a higher initial evaluation for service-connected hallux valgus of the left foot, rated as 0 percent disabling prior to February 16, 2016, and as 10 percent disabling on and after July 1, 2016.

2. Entitlement to an initial compensable evaluation for service-connected hallux valgus of the right foot prior to October 11, 2016, and as 10 percent disabling on and after February 1, 2017.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

Elizabeth Jalley, Counsel


INTRODUCTION

The Veteran served on active duty from January 2002 to August 2006.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The January 2008 rating decision granted service connection for hallux valgus of the left and right feet and assigned noncompensable (0 percent) ratings for each of them, effective August 13, 2006.

A notice of disagreement with the disability ratings was received in January 2009, a statement of the case was issued in October 2009, and a substantive appeal was received in October 2009.

In a July 2016 rating decision, the VA RO in Salt Lake City, Utah, assigned a temporary total (100 percent) rating for surgical treatment of the left foot hallux valgus that required convalescence, effective from February 16, 2016. In an August 2016 rating decision, the Appeals Management Center (AMC) in Washington, DC, assigned a 10 percent rating for hallux valgus effective July 1, 2016. The Veteran was therefore in receipt of a temporary 100 percent rating for his left foot hallux valgus from February 16, 2016, through June 30, 2016. Because the 100 percent rating for that portion of the appeal constitutes a full grant of that portion of the benefit sought, that period is no longer on appeal.
 

In February 2013, the Veteran testified at a personal hearing before the undersigned Veterans Law Judge. A transcript of this hearing was prepared and associated with the claims file.

In December 2014, September 2015, May 2016, and June 2017 the Board remanded this case for additional development.

On the most recent remand, the Veteran's right foot disability was recharacterized as "right hallux valgus, right foot status post bunionectomy." A July 2017 rating decision granted a temporary total rating based on surgical or other treatment necessitating convalescence effective October 11, 2016. It assigned a 10 percent evaluation under Diagnostic Code 5280, effective February 1, 2017, because "a bunionectomy by definition is a resection of the metatarsal head." 

Because the 100 percent rating assignment constitutes a full grant of that portion of the benefit sought, the period from October 11, 2016, through January 31, 2017, is no longer on appeal.


FINDINGS OF FACT

1. Prior to February 16, 2016, the Veteran's hallux valgus of the left foot manifested in painful motion.

2. Prior to October 11, 2016, the Veteran's hallux valgus of the right foot manifested in painful motion.

3. On and after July 1, 2016, the Veteran is in receipt of the maximum schedular rating available for left foot hallux valgus. His left foot hallux valgus does not include manifestations of malunion or nonunion of the tarsal or metatarsal bones, produce symptoms which approximate amputation of the great toes with removal of the metatarsal head, nor is there clinical evidence of flatfoot, bilateral weak foot, claw foot, or a foot injury associated with the service connected disability.

4. On and after February 1, 2017, the Veteran is in receipt of the maximum schedular rating available for right foot hallux valgus. His right foot hallux valgus does not include manifestations of malunion or nonunion of the tarsal or metatarsal bones, produce symptoms which approximate amputation of the great toes with removal of the metatarsal head, nor is there clinical evidence of flatfoot, bilateral weak foot, claw foot, or a foot injury associated with the service connected disability.


CONCLUSIONS OF LAW

1. Prior to February 16, 2016, the criteria for a rating of 10 percent, but no higher, for left foot hallux valgus have been met. 38 U.S.C. §§ 1155, 5107 (West 2012); 38 C.F.R. § 4.71a, Diagnostic Code 5280 (2017).

2. Prior to October 11, 2016, the criteria for a rating of 10 percent, but no higher, for right foot hallux valgus have been met. 38 U.S.C. §§ 1155, 5107 (West 2012); 38 C.F.R. § 4.71a, Diagnostic Code 5280 (2017).

3. On and after July 1, 2016, the criteria for a rating in excess of 10 percent for left foot hallux valgus have not been met. 38 U.S.C. §§ 1155, 5107 (West 2012); 38 C.F.R. § 4.71a, Diagnostic Code 5280 (2017).

4. On and after February 1, 2017, the criteria for a rating in excess of 10 percent for right foot hallux valgus have not been met. 38 U.S.C. §§ 1155, 5107 (West 2012); 38 C.F.R. § 4.71a, Diagnostic Code 5280 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's duty to notify was satisfied by a letter that was sent to the Veteran in November 2006. See 38 U.S.C. §§ 5102, 5103, 5103A (West 2012); 38 C.F.R. § 3.159 (2017); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

All relevant, obtainable evidence has been associated with the claims file to fulfill VA's duty to assist. 38 U.S.C. § 5103A.

Disability ratings are determined by the application of the VA's Schedule for Rating Disabilities. Separate diagnostic codes identify the various disabilities. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § Part 4 (2017). Ratings for service-connected disabilities are determined by comparing the Veteran's symptoms with criteria listed in VA's Schedule for Rating Disabilities, which is based, as far as practically can be determined, on average impairment in earning capacity.

When there is a question as to which of two ratings to apply, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating, otherwise the lower rating shall be assigned. 38 C.F.R. § 4.7 (2017).

Evidence to be considered in the appeal of an initial assignment of a disability rating is not limited to that reflecting the then-current severity of the disorder. Fenderson v. West, 12 Vet. App. 119 (1999). "Staged ratings," or different percentage evaluations for separate periods based on the facts found, may also be awarded. Id. at 126-127.

Evaluation of a disability involving a joint rated on limitation of motion requires adequate consideration of functional loss due to pain, weakness, fatigability, incoordination, or pain on movement. 38 C.F.R. §§ 4.40, 4.45. See, in general, DeLuca v. Brown, 8 Vet. App. 202 (1995). However, pain itself does not constitute functional loss. In order to constitute functional loss, pain must affect some aspect of "the normal working movements of the body" such as "excursion, strength, speed, coordination, and endurance." Mitchell v. Shinseki, 25 Vet. App. 32, 38-43 (2011) (quoting 38 C.F.R. § 4.40). 

Joints that are actually painful, unstable, or malaligned due to healed injury are entitled to at least the minimum compensable rating. 38 C.F.R. § 4.59; Burton v. Shinseki, 25 Vet. App. 1 (2011).

The Veteran's left foot disability was rated 0 percent disabling from August 13, 2006, through February 15, 2016. His right foot disability was rated 0 percent disabling from August 13, 2006, through October 10, 2016.

The Veteran's left and right foot hallux valgus are rated under 38 C.F.R. § 4.71a, Diagnostic Code 5280. This diagnostic code assigns a 10 percent rating for unilateral hallux valgus that was either (1) operated on, with resection of metatarsal head, or (2) severe, if equivalent to amputation of great toe. The Veteran did not have surgery on either big toe during this portion of the appeals period. Therefore, in order to be granted a 10 percent rating for either foot, the Veteran's disability must be considered to be severe, if equivalent to amputation of great toe. 

After carefully reviewing the evidence of record, the Board finds that a 10 percent rating is warranted for left foot hallux valgus prior to February 16, 2016, and for right foot hallux valgus prior to October 11, 2016. 

In assigning these ratings, the Board notes that the rating criteria for a 10 percent rating under Diagnostic Code 5280 were not met prior to February 16, 2016, for the left foot and prior to October 11, 2016, for the right foot, as there had been no operation or resection of the metatarsal head or "severe" hallux valgus that would be equivalent to amputation of the great toe. The Board finds, however, that 38 C.F.R. § 4.59 applies. As noted above, this regulation addresses "[p]ainful motion" and explains VA's intention that the rating schedule "recognize painful motion with joint or periarticular pathology as productive of disability . . . entitled to at least the minimum compensable rating for the joint." See Burton v. Shinseki, 25 Vet. App. 1, 5 (2011). A minimum compensable rating pursuant to § 4.59 may be warranted where joint pain, alone, exists. See Burton, 25 Vet. App. at 5.

Medical reports throughout the appeals period reflect painful hallux valgus. (See, e.g., September 2009 and April 2011 VA medical records.) 

A December 2011 VA examination report notes that the Veteran gets pain in the first metatarsal and that he has painful bunions with prolonged walking. He had mild to moderate symptoms bilaterally on examination. The examiner expressly found that the Veteran had mild to moderate symptoms, but that he did not have severe symptoms with function equivalent to amputation of the great toe on either foot. 

A May 2015 VA examination report found that there was pain on physical examination bilaterally and specifically found pain on movement.. The Veteran reported his pain had worsened since the last examination. He reported having numbness in the toes and increased pain with ambulation. 

Therefore, entitlement to a rating of 10 percent is granted for left foot hallux valgus from August 13, 2006, through February 15, 2016, and for right foot hallux valgus from August 13, 2006, through October 10, 2016.

The Board finds, however, that a rating in excess of 10 percent is not warranted at any point that is contemplated by this appeal. (As noted in the Introduction, the periods during which the Veteran is in receipt of temporary 100 percent ratings are not on appeal.) 

The Board notes that the 10 percent rating is the maximum rating available under Diagnostic Code 5280. The Board has considered whether the Veteran's hallux valgus may be rated under another diagnostic code; however, in Copeland v. McDonald, 27 Vet. App. 333 (2015), the Court held that when a condition is specifically listed in the Rating Schedule, it may not be rated by analogy. See Suttman v. Brown, 5 Vet. App. 127, 134 (1993) (providing that "[a]n analogous rating . . . may be assigned only where the service-connected condition is 'unlisted.'"). As the Veteran's hallux valgus is a listed condition under Diagnostic Code 5280, VA has a duty to apply that diagnostic code to his disability and determine the appropriate disability rating. Again, in this case, the Veteran has been assigned the maximum rating available for his hallux valgus.

The Board has considered the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, the claim is not in equipoise. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). Accordingly, entitlement to ratings in excess of 10 percent are not warranted.


ORDER

From August 13, 2006, through February 15, 2016, a rating of 10 percent, but no higher, for left foot hallux valgus is granted.

On and after July 1, 2016, entitlement to a rating in excess of 10 percent for left foot hallux valgus is denied.

From August 13, 2006, through October 11, 2016, a rating of 10 percent, but no higher, for right foot hallux valgus is granted.

On and after February 1, 2017, entitlement to a rating in excess of 10 percent for right foot hallux valgus is denied.




____________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs